IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cv-00378-REB-GPG

GARY HEIDEL, individually, MICHELE ASCHBACHER, individually, CAMILLE ROWELL, individually, KERSTEN HEIDEL, individually, and MICHAEL ROWELL, individually, and as the PERSONAL REPRESENTATIVE of the ESTATE OF CATHERINE ROWELL,

Plaintiffs,

v.

SHERIFF ANTHONY MAZZOLA, in his individual and official capacity; SERGEANT JEREMY MUXLOW, in his individual capacity; DEPUTY KIM COOK, in his individual capacity; DEPUTY CLINTON KILDUFF, in his individual capacity; DEPUTY JOHNNY MURRAY, in his individual capacity,

Defendants.

## RECOMENDATION REGARDING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter comes before the Court on Defendants' partial motion to dismiss (ECF # 56),[1] Plaintiffs' response (ECF# 62), and Defendants' reply (ECF #63). The motion has been referred to this Magistrate Judge for recommendation (ECF #57).[2] The Court has reviewed the pending

---

[1] "(ECF #56)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

1

motion, response, reply, and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary in this circumstance. This Magistrate Judge respectfully recommends that the motion be DENIED.

Factual and Procedural Background

Plaintiffs, the personal representative, family, and heirs of Decedent Catherine Rowell, filed suit against Sheriff Mazzola, *et. al.* Tragically, Ms. Rowell committed suicide while she was a pre-trial detainee in the Rio Blanco County Detention Facility (ECF #54). Plaintiffs' second claim for relief is a wrongful death claim based on premises liability to an invitee for the negligent operation of the detention facility for failure to use reasonable care to protect against danger on the property (ECF #54, pp. 13-14). Plaintiffs' third claim for relief is a wrongful death claim based on premises liability to a licensee for the negligent operation of the detention facility for failure to use reasonable care to protect against danger on the property (ECF #54, pp. 14-15).

Defendants' Argument for Dismissal

Defendants' motion for partial dismissal (ECF #56) is targeted only at claims two and three of the second amended complaint (ECF #54). Defendants argue that Plaintiffs' sole right to relief falls under Colorado's Wrongful Death Act (ECF #56, p. 2). Defendants further assert that Plaintiffs are barred from recovery under the premises liability statute due to the Wrongful Death Act (ECF #56, p. 3). Defendants acknowledge that "any such action for injury must be brought

under the Wrongful Death Act." *Id.* Defendants' motion to dismiss is brought under Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

Plaintiffs' Response

Plaintiffs respond, stating that "the wrongful death act is just a vehicle for heirs to bring cases based on underlying tortious conduct, which could be negligence, negligence per se, or premises liability" (ECF #62, p. 2). Essentially, Plaintiffs' argument is that Plaintiffs' claims fall under the Wrongful Death Act and that said Act is the appropriate vehicle for a tort claim when death has occurred. *Id. passim.*

Defendants' Reply

Defendants briefly reply, "acknowledg[ing that] a violation of the premises liability statute could form a basis for a "wrongful act" under Colorado's Wrongful Death Act" (ECF #63, p. 2). However, Defendants go on to assert that "to the extent Plaintiffs' Counts Two and Three allege causes of action independent and distinct from Colorado's Wrongful Death Act, said claims should be dismissed." *Id*.

Standard of Review

Rule 12(b)(6)

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91. "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp.,* 127 S. Ct. at 1974).

Analysis

This matter can be rapidly resolved as, in the Court's view, it has pivoted from a motion to dismiss to what appears to be far more akin to a motion *in limine*.

Colorado's Wrongful Death Act, C.R.S. §13-21-202 is the sole cause of action for the death of another. *Steedle v. Sereff*, 167 P.3d 135, 140-41 (Colo. 2007) (examining the "intersection" of the Wrongful Death Act with the Colorado Governmental Immunity Act (CGIA) and limiting, collectively, the damages to $150,000 (per the CGIA) for a suit under the Wrongful Death Act). However, the Wrongful Death Act essentially acts as a vehicle for a "survivor's right of action [] derivative of and dependent upon the right of action which [a] decedent would have had, had [the decedent] survived . . ." *Pizza Hut of America, Inc. v. Keefe*, 900 P.2d 97, 102 (Colo. 1995). The closest a Court in this District has come to weighing in on this issue was in *Traynom v. Cinemark USA, Inc.*, 940 F.Supp. 2d 1339, 1347-48 (D. Colo. 2013). Unfortunately, as acknowledged by the Court in *Traynom*, the initial briefing therein on this issue was "tepid," *Id*. at 1347, thus not resulting in a full treatment of the subject. Nevertheless, the sound Order of that Court, not dismissing the wrongful death claims as derivative of liability under the Premises Liability Act, is an apt comparison for this action. *See Id*. at 1347-48.

As readily acknowledged by the parties to the instant litigation, that is as it should be. A basis for liability must be established, e.g., the Premises Liability Act. But then, suit must proceed under the Wrongful Death Act. A fair reading of Plaintiffs' second amended complaint-claims two and three-is that Plaintiffs are attempting to do exactly that, establish the premises liability basis for each claim but proceed under the Wrongful Death Act. *See* ECF #54, pp. 13-15. If the claims were not clear, and I find that they are, Plaintiffs' response reiterates and cements that this is Plaintiffs' position and construction of the claims. As in *Traynom*, Plaintiffs proceed, under the Wrongful Death Act, for claims which Decedent Rowell could have asserted under the Premises Liability Act, had she survived. Plaintiffs definitively state that they are proceeding under the Wrongful Death Act with regard to both claims two and three, with a basis in premises liability

(ECF #54, pp. 13-15). Plaintiffs have sufficiently pled claims two and three and have stated claims for relief which are each plausible. Defendants do not even challenge that the factual basis as set forth in the complaint is lacking. Logic dictates that no such challenge was interposed because the factual basis is sufficient and the partial motion to dismiss is premised upon a legal insufficiency-the idea that Plaintiffs were not proceeding under the Wrongful Death Act. I find that Plaintiffs are proceeding properly under the Wrongful Death Act through what they believe is the appropriate lens of premises liability.

As mentioned *supra*, it appears as if Defendants' motion is pivoting towards an *in limine* attempt to determine the future admissibility of evidence. Plaintiffs correctly note in their response that it does not appear as if "any party [has] even disputed whether a premises liability tort could establish liability for a wrongful death claim" (referring to other litigation) (ECF #62, p. 4). While the Court finds this to be correct, there has certainly been litigation around the edges of this issue. *See*, e.g., *Steedle supra*, 167 P.3d at 140-41 (determining the effect of the Wrongful Death Act on evidence and damage caps); s*ee also Magnus v. Miller*, 35 Colo. App. 335 (1975) (addressing the admissibility of provocation evidence in an assault and battery context when such evidence would only be relevant to exemplary damages-such damages being prohibited under the Wrongful Death Act). Defendants conclude with a request to dismiss claims two and three to the extent that such claims are alleging independent causes of action. I do not find that the claims are alleging any independent cause of actions. Nor do I find that this would be an appropriate time to weigh in on any *in limine* issue-and there has been no referral instructing me to do so.

For the foregoing reasons, I respectfully RECOMMEND that the motion to dismiss be DENIED.

Dated at Grand Junction, Colorado this November 25, 2018.

Gordon P. Gallagher

United States Magistrate Judge